THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Patrick S. Victory, Respondent,
v.
South Carolina Department of Transportation, Appellant.
 
 
 

Appeal from Greenville County
 G. Edward Welmaker, Circuit Court Judge

Memorandum Opinion No. 2007-MO-018
Heard June 20, 2006  Filed March 26, 2007

REVERSED AND REMANDED

 
 
 
Beacham O. Brooker, Jr., of Columbia, for Appellant.
Howard W. Paschal Jr., of Price Paschal & Ashmore, of Greenville, for Respondent.
 
 
 

CHIEF JUSTICE TOAL:  This is an inverse condemnation case arising out of the South Carolina Department of Transportations (SCDOTs) actions affecting the alignment of roads and access thereto in Greenville County, South Carolina.  The trial court found that SCDOTs actions constituted a taking for which Respondent was owed compensation.  SCDOT appealed, and this Court certified the case for review pursuant to Rule 204(b), SCACR.
In light of our recent opinion comprehensively reviewing and revising this Courts precedent in this area, see Hardin v. South Carolina Dept of Transp., Op. No. 26262 (S.C. Sup. Ct. filed Feb. 12, 2000) (Shearouse Adv. Sh. No. 6 at 24), we reverse the trial courts decision and remand the case for reconsideration.  On remand, the parties will need to address whether this property is to be treated as one tract or separate tracts for the purposes of a takings analysis.
 MOORE, BURNETT and PLEICONES, JJ., consent.  WALLER, J., dissenting in a separate opinion.
JUSTICE WALLER, dissenting:  I respectfully dissent.  I adhere to my dissenting opinion as set forth in this Courts recent opinion in Hardin and Tallent v. S.C. Dept of Transportation, Op. No. 26262, S.C. Supreme Court, filed February 12, 2007 (Shearouse Adv. Sh. No. 6 at 24)(2007 WL 465828).
The facts of this case are as follows:
Victory owns two lots near I-385 in Greenville.  The lots contain office buildings.  One, Building A, is at 1100 East North Street, on the corner of Pettigru Street.  Building A sits in a pie-shaped V, abutting both E. North Street and Pettigru.  The other, Building B, is at 710 Pettigru Street.  Building B was initially a home which was converted into office space.  The lots and offices share a 38-space parking lot which has single lane driveways on both E. North Street, and Pettigru Street.  The segment of E. North Street which Building A abuts served as a connector between I-385 and Laurens Road.  The driveway located on Pettigru Street between the two buildings is approximately 40 yards from the intersection of East North Street and Pettigru.  
In 2002, SCDOT undertook renovations to upgrade I-385 to true interstate highway standards, converting the portion of E. North Street which abuts Building A into a fully controlled access off ramp.  In doing so,   SCDOT closed off the driveway which fronted E. North Street with a four-foot wall, and also closed the end of Pettigru Street immediately in front of Victorys property where it had met E. North Street.  The effect of the closure of Pettigru was to turn Pettigru into a dead-end street and, essentially, place Victorys properties at the end of a cul-de-sac.  Victory may still access the Pettigru driveway, but instead of having to drive 40 yards from E. North Street to the driveway, access to the buildings may now only be gained via the Pettigru Street driveway at a driving distance of between .7 of a mile and 1.4 miles.  Victory no longer has direct ingress or egress to or from E. North Street, and he no longer has access to the next intersection of Pettigru Street and Laurens Road through that driveway.  Victory filed this action against SCDOT, alleging a taking due to the denial of ingress and egress.  The trial court found a compensable taking and awarded Victory $550,000.   
Under these facts, it is clear that Victorys business now sits in an extremely inaccessible cul-de-sac.[1]  I adhere to the view expressed in my dissent in Hardin and Tallent that the creation of a cul-de-sac is compensable if the losses of access to and from existing roads substantially impair a property owners right to reasonably convenient and suitable access to the main thoroughfare.  In my view, Victory meets this test and, accordingly, I would uphold the finding of a taking in this case.  

[1]  SCDOT conceded in its brief and at oral argument before this Court that there was in fact a compensable taking with respect to the closure of driveway which fronted E. North Street.